# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.

| | | |
|---|---|---|
| RAY MOHAMED, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| AMERICAN MOTOR COMPANY, LLC, a Florida limited liability company, d/b/a "InstantCarOffer.com" and "ICO"; and OFF LEASE ONLY, INC., a Florida corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for damages under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"). In order to drum up business for itself and its business partner, Defendants Off Lease Only, Inc. and American Motor Company, LLC d/b/a "InstantCarOffer.com" and "ICO" surreptitiously obtained the cellular telephone number of Plaintiff and others, the proceeded to send unsolicited text messages to those individuals using automatic telephone dialing equipment within the meaning of the TCPA.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants.  Further, Plaintiff seeks up to $1,500.00 in damages for each violation of the TCPA by Defendants which, when aggregated among the proposed class members exceeds the

1

$5,000,000.00 threshold for jurisdiction by this Court under the Class Action Fairness Act of 2005 ("CAFA"). Therefore, both elements of diversity jurisdiction and CAFA jurisdiction exist.

3.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 18 U.S.C. § 1391 and 1141(a) because the events giving rise to Plaintiff's Complaint occurred within the State of Florida in this District.

**PARTIES**

4.     Plaintiff, Ray Mohamed, is a natural person who, at all times relevant to this action, was a resident of the State of Florida, Miami-Dade County.

5.     Defendant, American Motor Company, LLC, is a Florida limited liability company whose principal office is located at 5301 McCoy Rd., Orlando, FL 32812 and whose registered agent for service of process in the State of Florida is William Hilgenfeldt, 5301 McCoy Rd., Orlando, FL 33812.

6.      American Motor Company, LLC does business in the State of Florida under the fictitious names, "InstantCarOffer.com" and "ICO".

7.     Defendant, Off Lease Only, Inc., is a Florida corporation whose principal office is located at 3531 Lake Worth Road, Lake Worth, FL 33460 and whose registered agent for service of process in the State of Florida is Ejola Cook, Esq., 1776 Lake Worth Road, Lake Worth, FL 33460.

8.     At certain times herein, Defendants American Motor Company, LLC and Off Lease Only, Inc. are collectively referred to as "Defendants."

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

2

9.      The TCPA was passed into law in 1991.  The TCPA regulates and restricts the use of automatic telephone equipment.

10.      The TCPA protects consumers from unwanted calls and text messages that are made with autodialers and with prerecorded messages.

11.      Specifically, 47 U.S.C. § 227(b) provides:

**(1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

*      *      *

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

12.      The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

13.      The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. See 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls...."). *Mais v. Gulf Coast Collection Bureau, Inc*., 768 F.3d 1110, 1123-1124 (11th Cir. 2014).

14.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc*., 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending her the ***text message***). (emphasis added).

## AMERICAN MOTOR COMPANY, LLC'S BUSINESS MODEL

15.     American Motor Company, LLC, d/b/a "InstantCarOffer.com" and "ICO" ("ICO"), is in the business of contracting with other dealerships throughout the United States to provide a network of dealers who can offer individuals "a hassle free outlet" to sell their vehicle.[1] One such dealer with whom ICO contracts is Defendant, Off Lease Only, Inc. ("OLO").

16.     Upon information and belief, ICO, in order to drum up business for itself and its business partners, utilizes a commonly available form of Lead Generating software, colloquially referred to as a "scraper," to scour ads from websites such as www.craigslist.com, and to literally "scrape" cellular telephone numbers from those ads, and then automatically dial and send unsolicited text messages to those numbers.[2]

17.     ICO's text messages encourage recipients to conduct business with one or more of ICO's business partners, depending upon the geographic area from which the Craigslist ads were scraped. For instance, for leads generated from Craigslist ads in the Miami/Dade region,

---

[1] Source: http://www.instantcaroffer.com/about (Last visited: August 20, 2015).

[2] Source: http://www.screencast.com/users/lowridertj/folders/Software+Videos/media/60ea3661-28f4-4bf0-9fc3-7ec740f599a4 (Last accessed: August 20, 2015).

recipients are directed to Defendant OLO. For leads generated in other geographic regions, recipients are directed to another of ICO's business partners.

18.     Plaintiff is informed and believes that at times relevant to this action, ICO was acting as an agent of, or on behalf of OLO, for each other's mutual benefit, within the course and scope of said agency with the full knowledge and consent of OLO. Plaintiff is informed and believes that each of ICO's acts and/or omissions complained of herein were known to, and ratified by OLO.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

19.     At various times in 2014, Plaintiff placed an ad on the Miami/Dade Craigslist in an attempt to sell a motor vehicle. Plaintiff listed his cellular telephone number 786-XXX-0174 as a contact number.

20.     Plaintiff's Craigslist ads, without exception, stated "do NOT contact me with unsolicited services or offers." More specifically, the text of the Craigslist ads stated, "Please don't text me," or "please be serious before calling."

21.     At some point thereafter, Defendant ICO, using some type of Lead Generating software and in complete disregard of Plaintiff's instructions, "scraped" Plaintiff's cellular telephone number from one or more of Plaintiff's Craigslist ads and sent the following text message to Plaintiff's cellular telephone twice:

**"We are cash buyers for local vehicles. Get a cash offer 24/7 - http://bit.ly/p9z972L – Off Lease Only Miami"**

22.     Not only does the content of the messages themselves reveal that Defendants ICO and OLO are working in concert, but Defendant ICO's website lists OLO's address as an address

"where we are located." Source: http://dev.instantcaroffer.com/locations/list (Last accessed: August 28, 2015).

23.     Both of the aforementioned text messages were received on Plaintiff's cellular telephone within a 12-month period, and within the time frame relevant to this complaint.

24.     Upon information and belief, the text message was sent using an automatic telephone dialing system within the meaning of 47 U.S.C. § 227(a)(1).

25.     At no point in time did Plaintiff provide Defendants with his express written consent to be contacted on his cellular telephone using automatic telephone dialing equipment.

26.     Defendants' violations of the TCPA were knowing and willful. ICO intentionally "scraped" cellular telephone numbers from Craigslist ads, with the intent to send mass text messages to the scraped numbers, without first obtaining the requisite consent to do so.

27.     Moreover, Plaintiff's telephone number is listed on the national Do Not Call Registry[3] since 2008, reinforcing the proposition that Defendants knew or should have known not to call Plaintiff for the purpose of marketing their services, but did so anyway.

## CLASS ALLEGATIONS

### The Proposed Classes

28.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

29.     Plaintiff represents, and is a member of the following classes:

---

[3] The national do-not-call registry allows individuals to register their phone numbers on a national'odo-not-call list," and prohibits most commercial telemarketers from calling the numbers on that list. *Mainstream Marketing Services, Inc. v. F.T.C.*, 358 F.3d 1228, (10th Cir. 2004).

*The "ICO Class"* consisting of all persons within the United States who, within the four years prior to the filing of this Complaint, received a telephone call or text message made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, from ICO or anyone on ICO's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express consent*.*

*The "OLO Sub-Class"* consisting of all persons within the State of Florida who, within the four years prior to the filing of this Complaint, received a telephone call or text message made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, from ICO or OLO (or anyone acting on behalf of ICO or OLO) on behalf of OLO, to said person's cellular telephone, number, without emergency purpose and without the recipient's prior express consent.

*The "Do Not Call Class"* consisting of all persons within the United States who, within the four years prior to the filing of this Complaint, received more than one telephone call to said person's cellular telephone number within any 12-month period, by or on behalf of the same entity, without their prior express consent and to which they object., while listed on the national Do Not Call Registry.

*The "Do Not Call SubClass"* consisting of all persons within the State of Florida who, within the four years prior to the filing of this Complaint, received more than one telephone call to said person's cellular telephone number within any 12-month period, by (or on behalf of ICO or OLO) on behalf of OLO, to said person's cellular telephone number while listed on the national Do Not Call Registry.

30.     Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

**Numerosity**

31.     Upon information and belief, Defendants have placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are

7

believed to be so numerous that joinder of all members is impracticable.

32.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

**Common Questions of Law and Fact**

33.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a.   Whether Defendants made non-emergency calls to Plaintiff's and Class members' cellular telephones using an autodialer and/or prerecorded message;

    b.   Whether Defendants can meet its burden of showing that they obtained prior express consent to make such calls;

    c.   Whether Defendants' conduct was knowing and willful;

    d.   Whether Defendants are liable for damages, and the amount of such damages; and

    e.   Whether Defendants should be enjoined from such conduct in the future.

34.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely places automated calls, prerecorded calls, and/or text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

35.      Plaintiff's claims are typical of the claims of the Class members, as they are all

based on the same factual and legal theories.

### Protecting the Interests of the Class Members

36.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained counsel who is experienced in prosecuting class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### Proceeding Via Class Action is Superior and Advisable

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### ICO'S VIOLATION OF 47 U.S.C. § 227(b)(1)(a)(iii)

39.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

40.     ICO placed multiple automated calls, prerecorded calls, and/or text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

41.     Each of the aforementioned calls and text messages by ICO constitute a violation of the TCPA.

42.     As a result of ICO's violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such future conduct by ICO.

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant seeking the following:

a.     Injunctive relief prohibiting violations of the TCPA by Defendants in the future;

b.     Statutory damages of $500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B); and

c.     Such other relief as this Court deems just and proper.

## COUNT II
## ICO'S WILLFUL OR KNOWING VIOLATION OF 47 U.S.C. § 227(b)(1)(a)(iii)

44.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

45.     ICO knowingly and willfully placed multiple automated calls, prerecorded calls, and/or text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

46.     Each of the aforementioned calls by ICO constitute a knowing and willful violation of the TCPA.

47.     As a result of ICO's knowing and willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such future conduct by ICO.

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant seeking the following:

a.      Injunctive relief prohibiting violations of the TCPA by Defendants in the future;

b.      Statutory damages of $1500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B); and

c.      Such other relief as this Court deems just and proper.

## COUNT III
## ICO's VIOLATION OF 47 U.S.C. § 227(c)

49.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

50.     Plaintiff and the other members of the Class received more than one telephone call within any 12-month period, by or on behalf of the same entity, without their prior express consent and to which they object.

51.     The telephone numbers to which the unwanted calls were made were listed on the national Do No Call Registry.

52.     As a result of ICO's violations of the TCPA, Plaintiff and the Class are entitled to an award of up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

53.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such future conduct by ICO.

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant seeking the following:

a.     Injunctive relief prohibiting violations of the TCPA by Defendants in the future;

b.     Statutory damages of $1500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B); and

c.     Such other relief as this Court deems just and proper.

## COUNT IV
## OLO'S VIOLATION OF 47 U.S.C. § 227(b)(1)(a)(iii)

54.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

55.     OLO, through its agent, ICO, placed multiple automated calls, prerecorded calls, and/or text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

56.     Each of the aforementioned calls by OLO constitute a violation of the TCPA.

57.     As a result of OLO's violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

58.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such future conduct by OLO.

12

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant seeking the following:

    a.    Injunctive relief prohibiting violations of the TCPA by Defendants in the future;

    b.    Statutory damages of $500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B); and

    c.    Such other relief as this Court deems just and proper.

<u>**COUNT V**</u>
<u>**OLO'S WILLFUL OR KNOWING VIOLATION OF 47 U.S.C. § 227(b)(1)(a)(iii)**</u>

59.    Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

60.    OLO, through its agent, ICO, knowingly and willfully placed multiple automated calls, prerecorded calls, and/or text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

61.    Each of the aforementioned calls by OLO constitute a knowing and willful violation of the TCPA.

62.    As a result of OLO's knowing and willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

63.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such future conduct by OLO.

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant seeking the following:

    a.    Injunctive relief prohibiting violations of the TCPA by Defendants in the future;

    b.    Statutory damages of $1500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B); and

      c.      Such other relief as this Court deems just and proper.

## COUNT VI
## OLO's VIOLATION OF 47 U.S.C. § 227(c)

64.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

65.     Plaintiff and the other members of the Class received more than one telephone call within any 12-month period, by or on behalf of the same entity, without their prior express consent and to which they object.

66.     The telephone numbers to which the unwanted calls were made were listed on the national Do No Call Registry.

67.     As a result of OLO's violations of the TCPA, Plaintiff and the Class are entitled to an award of up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

68.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such future conduct by OLO.

**WHEREFORE**, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant seeking the following:

      a.      Injunctive relief prohibiting violations of the TCPA by Defendants in the future;

      b.      Statutory damages of $1500.00 for each and every call made in violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B); and

      c.      Such other relief as this Court deems just and proper.

Dated: September 4, 2015

                            Respectfully submitted,

By:  <u>/s/ Scott D. Owens           </u>
     Scott D. Owens, Esq.

     Scott D. Owens, Esq.
     SCOTT D. OWENS, P.A.
     3800 S. Ocean Dr., Ste. 235
     Hollywood, FL 33019
     scott@scottdowens.com

     *Counsel for Plaintiff and the Proposed Class*