UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23352-Civ-COOKE/TORRES

RAY MOHAMED, individually and
on behalf of all others similarly situated,

    Plaintiff,
vs.

OFF LEASE ONLY, INC.,
a Florida corporation,

    Defendant.
_____/

### ORDER ON STANDING

Plaintiff Ray Mohamed ("Plaintiff") brings this class action lawsuit against Defendant Off Lease Only, Inc.'s ("Defendant"), seeking damages and equitable relief for Defendant's alleged violations of the Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227(b) – (c). Plaintiff contends that Defendant, through its alleged agent, sent him and others unsolicited text messages and calls without their prior express consent. In Plaintiff's case, he allegedly received text messages on his cellular telephone from Defendant's marketer in response to an online Craigslist advertisement he posted about selling his automobile.

I requested briefing on whether Plaintiff had standing to continue this matter in light of the U.S. Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016). The parties have fully briefed this issue. For the reasons below, I find that Plaintiff has standing to proceed in this action.

### I. LEGAL STANDARD

"Article III of the Constitution confines the reach of federal jurisdiction to 'Cases' and 'Controversies.' " *Alabama–Tombigbee Rivers Coal. v. Norton,* 338 F.3d 1244, 1252 (11th Cir. 2003) (quoting U.S. CONST. art. III, § 2). In order to establish Article III standing to bring a suit, a plaintiff has the burden to show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 – 61 (1992). A plaintiff attains an injury in fact when he "suffer[s] an invasion of a legally protected interest that is concrete and particularized[,] and actual or imminent, not

1

conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted).

The *Spokeo* Court did not ultimately decide whether an allegedly incorrect consumer report about the plaintiff, which could affect his creditworthiness and violate the Fair Credit Reporting Act, met the injury-in-fact requirement. *See id.* at 1550. Nonetheless, the Court deemed the "particularized" and "concrete" requirements as distinct, and prescribed judges to separately assess each in its injury-in-fact analysis. *See id.* at 1548. A particularized injury "affect[s] the plaintiff in a personal and individual way." *Id.* at 1548. Concrete injuries, in turn, can be tangible or intangible. *Id.* at 1549.

*Spokeo* explained that courts should analyze both history and congressional actions in deciding when an intangible harm is concrete. *Id.* From a historical perspective, an intangible harm is concrete if it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* But "[legislative] judgment is also instructive and important," and Congress may "elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." *Id.* (alteration and emphasis omitted). At the same time, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* "[A] bare procedural violation" alone does not meet the injury-in-fact requirement. *Id.*; *see also Nicklaw v. Citimortgage, Inc.,* 839 F.3d 998, 1003 (11th Cir. 2016) ("[T]he requirement of concreteness under Article III is not satisfied every time a statute creates a legal obligation and grants a private right of action for its violation.") Justice Thomas's concurrence in *Spokeo* added that interfering with a statutorily created private right—that is, a personal right that benefits an individual and not the public at large—meets the injury-in-fact requirement. *See id.* at 1553 ("Congress can create new private rights and authorize private plaintiffs to sue based simply on the violation of those private rights. . . . A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right.") (Thomas, J., concurring) (internal citations omitted).

## II. DISCUSSION

Plaintiff has standing to bring this action. The kind of alleged injury here is particularized and concrete. Plaintiff's injury is supported by the common law and legislative pronouncements. The remaining standing requirements are not contested.

The particularization requirement is easily met here. Plaintiff personally received a text message from Defendant on his cellular telephone. Thus, he was affected in a "personal and

2

individual way." *Spokeo*, 136 S. Ct. at 1548.

Plaintiff's injuries are also concrete. Though Plaintiff does not argue this point, some court opinions have suggested that temporary, unwanted occupations of an individual's time and electronic device are tangible injuries under the TCPA. *See, e.g.*, *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1253 (11th Cir. 2015); *Gorss Motels, Inc. v. Safemark Sys., LP*, No. 616CV1638ORL31DCI, 2017 WL 57313, at *1 (M.D. Fla. Jan. 5, 2017); *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, No. 215CV793FTM29MRM, 2016 WL 6835986, at *3 (M.D. Fla. Nov. 21, 2016); *A.D. v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 WL 4417077, at *7 (N.D. Ill. Aug. 19, 2016). At any rate, Plaintiff's injuries are concrete even if construed as intangible harms.

For one, history supports the finding of concreteness. With his TCPA claim, Plaintiff seeks to remedy Defendant's alleged invasion of privacy, nuisance, and trespass on his cellular telephone. These kinds of torts have "long been heard by American courts, and the right of privacy is recognized by most states." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). Congress also found in its passage of the TCPA that unregulated telemarketing was "intrusive," a "nuisance," and "rightly regarded" as an "invasion of privacy." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (internal citations and quotation marks omitted). Though the elements of these torts differ from the elements of a TCPA claim, Plaintiff's alleged injuries bear the kind of "close relationship" to traditionally recognized and adjudicated harms stressed in *Spokeo*. *Spokeo*, 136 S. Ct. at 1549.

Further, because "Congress is well positioned to identify intangible harms that meet minimum Article III requirements," *id.*, its passage of the TCPA supports a finding of concrete injuries here. The law "establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Van Patten*, 847 F.3d at 1043. Though *Spokeo* cautioned that actual harm may not arise from every statutory scheme, *Spokeo*, 136 S. Ct. at 1549, its warning does not apply here. Far from a "bare procedural violation," *id.*, Plaintiff's case directly involves the substantive privacy rights the TCPA was enacted to protect. What is more, the U.S. Court of Appeals for the Eleventh Circuit has rejected claims that TCPA-related harms like Plaintiff's are de minimis. *See Palm Beach Golf*, 781 F.3d 1251 – 53 (holding that the plaintiff had standing where it received one fax transmission that took one minute to process on its machine). As *Spokeo*'s concurrence underscores, a party "seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private

right." *Spokeo*, 136 S. Ct. at 1553; *see also Church v. Accretive Health, Inc.*, 654 F. App'x 990, 994 (11th Cir. 2016) (holding that the plaintiff had suffered an injury in fact of "her statutorily-created right to information pursuant to the [Fair Debt Collections Practices Act]" without more evidence of harm).

To be sure, some district courts outside of this circuit after *Spokeo* have found TCPA violations alone do not meet the injury-in-fact requirement. *See, e.g.*, *Ewing v. SQM US, Inc.*, No. 3:16-CV-1609-CAB-JLB, 2016 WL 5846494, at *1 (S.D. Cal. Sept. 29, 2016); *Romero v. Dep't Stores Nat'l Bank*, 199 F.Supp.3d 1256, 1265 (S.D. Cal. 2016); *Smith v. Aitima Med. Equip., Inc.*, No. EDCV1600339ABDTBX, 2016 WL 4618780, at *4 (C.D. Cal. July 29, 2016); *Sartin v. EKF Diagnostics, Inc.*, No. CV 16–1816, 2016 WL 3598297, *3 (E.D. La. July 5, 2016). But many of these district court cases are distinguishable from the present action. For example, the trial court in *Smith v. Aitima Medical Equipment, Inc.* rested its analysis on the single phone call in question being a de minimis violation. *Smith*, No. EDCV1600339ABDTBX, 2016 WL 4618780, at *4. Yet as noted above, the Eleventh Circuit has not barred standing for de minimis injuries in the TCPA context. *See Palm Beach Golf*, 781 F.3d at 1251 – 53. In addition, a July 2016 opinion in *Sartin v. EKF Diagnostics, Inc.* is hollow since the trial court later found the plaintiff had standing after he amended his complaint to detail the alleged harms that emanated from him receiving one unwanted fax advertisement from the defendants. *See Sartin v. EKF Diagnostics, Inc.*, No. CV 16-1816, 2016 WL 7450471, at *4 – 5 (E.D. La. Dec. 28, 2016).

Perhaps the cases most supportive of Defendant's position are ones it does not cite to in its brief, *Romero v. Department Stores National Bank* and *Ewing v. SQM US, Inc*. Both actions came from the same trial court in the U.S. District Court from the Southern District of California; neither case found standing for a plaintiff asserting TCPA-related harms. In particular, the trial court found in *Romero* that the plaintiff did not have standing to assert her remaining TCPA claim against debt collectors that had called her over 290 times in six months using an automatic dialing system ("ATDS"). *See Romero*, 199 F.Supp.3d at 1259, 1265. The trial court rejected all of the plaintiff's alleged emotional, physical, and privacy harms because she could not show that any of the calls, viewed separately, presented a concrete harm. *See id.* at 1259, 1262. It reasoned that the plaintiff did not have standing since she "would have been no better off had Defendants dialed her telephone number manually," so any harm suffered was "unconnected to the alleged TCPA violations," which involve ATDS use. *Id.* at 1265. The

4

same trial court adopted much of the *Romero* reasoning in its later *Ewing* order, which dismissed a plaintiff who allegedly received an unwanted cellular telephone call from the defendants' ATDS. *See Ewing*, 2016 WL 5846494, at *2 – 3.

I respectfully disagree with the *Romero* and *Ewing* decisions. These cases downplay the intangible harms connected with TCPA violations that courts have recognized as concrete injuries, including the appeals court in which the trial court resides. *See Van Patten*, 847 F.3d at 1043. The trial court also gives short shrift to the legislature's ability to advance harms as legally cognizable injuries. *See Spokeo*, 136 S. Ct. at 1549; *see also A.D.*, 2016 WL 4417077, at *7 (noting that the TCPA "directly prohibits a person from taking actions directed at consumers who will be touched by that person's conduct," and that requiring additional allegations of concrete harm was superfluous since Congress had already identified "unsolicited telephonic contact" as an invasion of one's privacy and as a concrete injury). And it "conflates the *means* through which [a defendant allegedly] violated the TCPA with the *harm* resulting from that alleged violation." *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992, at *7 (D.N.M. Oct. 19, 2016) (emphasis in original) (internal quotation marks omitted). The alleged harm alone is what matters for standing.

Defendant's remaining contentions are unavailing. Contrary to its belief, I may look beyond Plaintiff's Complaint to assess standing, where discovery has been substantially completed, and I requested briefing from parties about standing. *See Warth v. Seldin*, 422 U.S. 490, 501 – 02 (1975). At this point, I may look at "all materials of record" to make a determination about standing. *Id.* at 502. In addition, Plaintiff did not expressly consent to advertisers like Defendant's marketer to contact him. His advertisement specifically warned third parties not to contact him with unsolicited services or offers, and not to text Plaintiff at all. Defendant does not dispute the content of the advertisement. Its reliance on a TCPA case from the Supreme Court of West Virginia, *Mey v. Pep Boys-Manny, Moe & Jack*, 717 S.E.2d 235 (W. Va. 2011), which held the plaintiff had given prior express invitation for an advertiser to call his home telephone, is misplaced. While that case also involved an automobile advertisement via Craigslist, the posting did not include the limiting language that was present in Plaintiff's advertisement. *See Mey,* 717 S.E. 2d at 241. Finally, because I find Plaintiff has standing to bring this action, Defendant's disputes about the putative class are best reserved for specific class certification proceedings in this case. *See, e.g.*, *Tillman v. Ally Fin. Inc.*, No. 2:16-

5

CV-313-FTM-99CM, 2016 WL 6996113, at *4 (M.D. Fla. Nov. 30, 2016).[1]

### III. CONCLUSION

For the reasons above, I find Plaintiff has standing to bring this action individually and on behalf of the putative class.

**DONE and ORDERED** in Chambers, at Miami, Florida this 22ND day of March 2017.

*(signed)* Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

---

[1] If the lead class representative has standing, then the Eleventh Circuit examines whether the putative class meets the requirements under Federal Rules of Civil Procedure 23(a) and 23(b). *See Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009).