UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23352-Civ-COOKE/TORRES

RAY MOHAMED, individually and
on behalf of all others similarly
situated,

    Plaintiffs,
vs.

AMERICAN MOTOR COMPANY, LLC,
a Florida limited liability company doing
business as instantcaroffer.com doing
business as ICO and OFF LEASE ONLY,
INC., a Florida corporation,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO EXCLUDE PLAINTIFF'S EXPERT REPORT

THIS MATTER is before me on Defendant Off Lease Only, Inc.'s Motion to Exclude Plaintiff's Expert Report, Supplemental Report and the Testimony of Jeffrey Hansen ("Motion to Exclude") (ECF No. 160). Plaintiff filed a Response in Opposition (ECF No. 161), to which Defendant filed its Reply to Response in Opposition (ECF No. 169). On May 8, 2017, Plaintiff filed a Notice of Partial Withdrawal (ECF No. 248), withdrawing his Response in Opposition "as it pertains to the Callfire and 3Seventy systems." ECF No. 248, ¶ 3. On May 11, 2017, Plaintiff filed a Motion for Leave to File Sur-Reply (ECF No. 254), which was denied on June 12, 2017, by Endorsed Order (ECF No. 281). In that Order, I noted that Defendant had not complied with Local Rule 7.1(a)(3) when filing its Motion to Exclude (ECF No. 160) and I Ordered Defendant to confer with Plaintiff and file a notice of compliance with the Court by June 15, 2017. *Id.* Defendant filed its Notice of Compliance (ECF No. 283) on June 15, 2017. In Defendant's Notice, Defendant withdrew "any objections to Mr. Hansen's opinions and testimony as they pertain to the Callfire and 3Seventy platforms." *Id.* at 1. I have reviewed the Motion, responses, the record, and the relevant legal authorities. For the reasons that follow, I grant Defendant's Motion to Exclude (ECF No. 160).

1

## I. BACKGROUND

Plaintiff Ray Mohamed initiated this action by filing a putative class action[1] complaint against Defendants Thomas Rowe, American Motor Company d/b/a Instant Car Offer ("ICO")[2] and Off Lease Only, Inc. ("OLO") for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (ECF No. 20). The TCPA makes it illegal to call any telephone number assigned to a cellular telephone service using an automatic telephone dialing system ("ATDS"). 47 U.S.C. § 227(b)(1)(A). Under the TCPA, a text message to a cellular phone qualifies as a "call." *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015). Plaintiff has retained the services of Mr. Jeffery Hansen to provide expert testimony on whether the systems used by ICO to send text messages to Plaintiff and the class have the characteristics of an ATDS. OLO has filed the instant Motion to Exclude (ECF No. 160), claiming Mr. Hansen is 1) not qualified to testify as an expert regarding the text messaging systems at issue; 2) Mr. Hansen's opinion on a legal issue should be excluded; 3) Mr. Hansen's opinion is unreliable; and 4) Mr. Hansen's calculations regarding the number of text messages sent is not appropriate testimony for an expert.

## II. LEGAL STANDARDS

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. It states the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

---

[1] Plaintiff's Motion to Certify Class (ECF No. 213) was granted in part and denied in part on July 12, 2017. *See* Order Partially Adopting Magistrate's Report and Recommendation, ECF No. 290.

[2] Mr. Rowe, the owner of ICO, and ICO were dismissed as Parties to this case on December 19, 2016 by Endorsed Order (ECF No. 152) pursuant to a Joint Motion for Dismissal with Prejudice (ECF No. 102).

A district court has the responsibility of acting as a gatekeeper to exclude unreliable expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). This gatekeeping function applies to "all expert testimony," whether based on "scientific knowledge" or "based on technical and other specialized knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). In performing this function, the district court's role is not "to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois U.K. Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

In order to determine the admissibility of expert testimony, a district court must consider three issues: (1) whether the expert is qualified to testify competently about the subject matter he intends to address, (2) whether the expert's methodology is sufficiently reliable, and (3) whether the testimony assists the trier of fact to understand the evidence through the application of the witness's expertise. *Quiet Tech. DC-8*, 326 F.3d at 1340 – 41. The party seeking to introduce expert testimony must satisfy these criteria by a preponderance of the evidence. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999).

As for reliability, a purported expert opinion must meet three factors: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Cincinnati Ins. Co. v. Cochran*, No. CIV.A. 99-0552-WS-C, 2005 WL 2179799, at *2 (S.D. Ala. Sept. 2, 2005) (internal quotation marks omitted). "For nonscientific expert testimony, the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. . . . A district court may decide that nonscientific expert testimony is reliable based upon personal knowledge or experience." *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009) (internal quotation marks omitted). "In the context of an expert witness testifying on the basis of specialized experience, a reliable methodology means that the witness must explain how [his] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably

applied to the facts [of the case]." *Lopez v. Allstate Fire & Cas. Ins. Co.*, No. 14-20654-Civ-MGC, 2015 WL 5584898, at *6 (S.D. Fla. S.D. Fla. Sept. 23, 2015) (alterations in original) (internal quotation marks omitted).

### III. ANALYSIS

**A. Mr. Hansen is qualified to provide an expert opinion on ATDS issues.**

Mr. Hansen is the principal of Hansen Legal Technologies, Inc., a firm dealing in Information Technology, including investigations and analysis of electronic data. Exhibit 1, ¶ 4. Mr. Hansen has served as an expert in over 150 TCPA cases, including approximately thirty civil cases over the past four years. *Id.* at ¶¶ 4, 12. He frequently acts as a consultant to companies that use autodialers, is familiar with their use and procedures, and has assembled, configured, maintained, and operated all aspects of autodialers, as well as interfaced with the telecommunications providers through whose networks the autodialers operate. *Id.* at ¶ 7. Mr. Hansen has also set up and maintained all aspects of predictive dialers and autodialers—from minimal three line call centers to call centers capable of generating over 1 million calls per hour. *Id.* at ¶ 8.

Defendant complains that Hansen has no advanced degree and has not written any scholarly articles or presentations. However, Rule 702 is very clear that education is not the only way to be qualified as an expert.

> While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status. . . . The Committee Note to the 2000 Amendments of Rule 702 also explains that '[n]othing in this amendment is intended to suggest that experience alone . . . may not provide a sufficient foundation for expert testimony.'

*United States v. Frazier*, 387 F.3d 1244, 1260–61 (11th Cir. 2004) (quoting Fed. R. Evid. 702 advisory committee's note (2000 amends.)). In fact, Mr. Hansen has been qualified as an expert in many TCPA cases, specifically in a TCPA case in the Southern District of Florida cited to by Defendant. *See Strauss v. CBE Grp., Inc.* 2016 WL 2641965 (S.D. Fla. Mar. 23, 2016). Mr. Hansen's extensive experience in set up and maintenance of predictive dialers and autodialers, consulting on these issues, and providing advice on these matters is more than sufficient to qualify him to testify competently as to the subject matter he intends to address.

### B. Mr. Hansen's analysis is not reliable enough to be admitted.

OLO next argues that Mr. Hansen's testimony should be excluded because it is unreliable, as Mr. Hansen did not test, review, or inspect the actual platform or system before rendering his opinion. "Exactly *how* reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." *U.S. v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). When evaluating the reliability of scientific expert opinion, a court may look to several factors, but "the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho Tire Co.*, 526 U.S. at 141. Nevertheless, a good starting point is always the text of the rule itself, including whether the testimony or report is based upon sufficient facts or data. Fed. R. Evid. 702.

With respect to the Twilio program at issue in this case, Mr. Hansen reviewed the following documents to form his opinion: American Motor Company, LLC's Responses and Objections to Plaintiff's Discovery Requests (ECF No. 226-3); "Combined Twilio Response" (ECF No. 226-10); and two instructional YouTube videos on how to send SMS messages through the Twilio platform. The Combined Twilio Response includes Twilio's answer to Plaintiff's request for "[t]echnical specifications manuals and training materials regarding any Twilio Inc. software and hardware utilized by AMC and/or Thomas K. Rowe . . .;" it simply states "it is a cloud based communications company that provides a self-service platform for its customers, primarily web developers, to send text messages and make voice calls using Twilio's web based application programing interface ("API")." ECF No. 226-10, p. 8–9. Twilio then directs Plaintiff to its "publicly-accessible documentation relating to the functionality of its API" available on its website. *Id.* at 9. There are no technical specifications in Twilio's response or on the website. As for the videos, one of the videos relied upon by Mr. Hansen, the video labeled as his Exhibit Y, is published by Twilio. However, the other video, labeled as Mr. Hansen's Exhibit Z, is a presentation on how to send text messages with the Twilio platform by a man named Chris Chapman. There is no mention in the video regarding who Mr. Chapman is, whether Mr. Chapman is affiliated with Twilio, and there is no indication that Twilio has approved the content of Mr. Chapman's video.

OLO argues that Mr. Hansen's report is based on "public" information that was not specified in his report and that public information generally is an insufficient basis on which to base an expert opinion. Contrary to OLO's assertion, Mr. Hansen did, in fact, identify the publicly available information on which he relied—Twilio's website and the two Youtube videos. In addition, I do not find it dispositive that much of the information Mr. Hansen relied on was publicly available, especially where Twilio specifically directed Plaintiff to the materials as an accurate depiction of its system's functionality. However, I do agree that the information Mr. Hansen reviewed is simply not a sufficient factual basis on which to base an expert opinion regarding an ATDS.

As above, *Strauss* proves to be illustrative, although this time in favor of Defendant. *See Strauss v. CBE Group, Inc.*, 2016 WL 2641965 (S.D. Fla. Mar. 23, 2016). In *Strauss*, as Plaintiff points out, Mr. Hansen was qualified as an expert and was allowed to testify without having inspected the actual dialing platform used by the defendant. *Id.* at *3. However, the amount of information reviewed by Mr. Hansen in *Strauss* is markedly different from the instant case. In *Strauss*, Mr. Hansen had previously provided a written expert report on the specific dialing system at issue, had twice reviewed as an expert the defendant's manual for the application allegedly used, and reviewed deposition transcripts on defendant's predictive dialing systems in two other cases. *Id*. Notably, he also reviewed CBE's patent application, the plaintiff's account notes, and the deposition transcript of the defendant's corporate representative. *Id.* Mr. Hansen's analysis in *Strauss* is *far* more extensive than the review done in the case at bar. While Mr. Hansen reviewed patent applications for other historical telephone dialing systems in the instant action, he did not use them as a point of comparison because he did not review the patent application for Twilio's specific system. Further, he did not test or use the software in any way, the Twilio discovery responses he reviewed were vague and highly non-technical, as were ICO's discovery responses, and one of the two Youtube videos he relied upon was not a Twilio approved video. It does not appear that Mr. Hansen followed his own normal, rather extensive, methodology in forming his opinion in this case.

In another TCPA case in this district, *Legg v. Voice Media Group, Inc.*, the court determined that basing an expert opinion simply on reviewing the company's handbook for the alleged ATDS was "an insufficient basis for [the expert's] opinion regarding the

capabilities of [the company's] systems." *Legg v. Voice Media Group, Inc.*, 2014 WL 1767097, at *5 (S.D. Fla. May 2, 2014). The court specifically mentioned that the expert "cannot even say whether [the company's] own equipment conforms to the specifications discussed in its handbook," never having reviewed the system himself. *Id.* The court found that the expert's opinion bore an inadequate relationship with the supporting data. *Id.* (citing *Hendrix ex rel. G.P. v. Evenflo Co,* 609 F.3d 1183, 1194 (11th Cir.2010)). Similarly in the case at bar, Mr. Hansen does not have sufficient information on which to base his opinion, rendering it simply "the *ipse dixit* of the expert." *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).

In Plaintiff's response, he attempts to bolster the basis of Mr. Hansens' report by citing a number of cases that supposedly support the position that an expert in a TCPA case need not physically inspect or test the system to have an adequate basis on which to form his opinion. Unfortunately, in the cases cited by Plaintiff, none of the experts were being challenged under a *Daubert* standard and the cases are otherwise distinguishable from the facts of this case. In both *Satterfield* and *Sherman*, the posture of both cases was that of summary judgment and neither case actually mentions whether the system had been physically inspected or not. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Sherman v. Yahoo!, Inc.*, 997 F.Supp.2d 1129 (S.D. Cal. 2014). In *Hunt*, the expert was unable to view the system because it had been dismantled after initiation of the lawsuit; however, the expert did not ultimately testify about whether the system used was an ATDS, but instead opined about the incongruities with the Defendant's alleged low-tech dialing methods and other call centers the expert had seen. *Hunt v. 21st Mortg. Corp.*, 2014 WL 1664288 (N.D. Ala. April 25, 2014). None of these cases support Plaintiff's position that Mr. Hansen has based his opinion on adequate facts, especially in light of Mr. Hansen's extensive review of patents and documents in at least one other case. *See Strauss v. CBE Group, Inc.*, 2016 WL 2641965, *3 (S.D. Fla. Mar. 23, 2016). Allowing Mr. Hansen's expert report or testimony before the jury would be contrary to the standards of reliability required under the Federal Rules of Evidence and the *Daubert* standard.[3]

---

[3] Because I am excluding Mr. Hansen's testimony and expert report, I do not address OLO's argument that Mr. Hansen's opinion constitutes a legal opinion.

7

### C. Mr. Hansen's calculations concerning the number of text messages sent.

Plaintiff specifies in its Response to OLO's Motion to Exclude (ECF No. 161) that Mr. Hansen's Supplemental Written Report ("Supplemental Report") is for class certification purposes only and not for use at trial. The Honorable Edwin G. Torres held a lengthy evidentiary hearing related to Plaintiff's Motion for Class Certification (ECF No. 213) on May 24, 2017 and ultimately did not rely on Mr. Hansen's Supplemental Written Report in certifying the class. *See* Report and Recommendation on Plaintiff's Motion for Class Certification, ECF No. 279 (referencing many exhibits on the record but not the Supplemental Report (ECF No. 213-3)). I partially adopted Judge Torres' Report and Recommendation and did not rely Mr. Hansen's Supplemental Report in my *de novo* review of the record based on the Parties' objections to the Report and Recommendation. Because neither Judge Torres nor I relied on the Supplemental Report in our rulings on class certification, I will not conduct a *Daubert* analysis on its admissibility.

### IV. CONCLUSION

In light of the above, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Exclude Plaintiff's Expert Report, Supplemental Report and the Testimony of Jeffrey Hansen (ECF No. 160) is **GRANTED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of September 2017.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*