UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-23352-Civ-COOKE/TORRES

RAY MOHAMED, individually and
on behalf of others similarly situated,

    Plaintiff,

vs.

OFF LEASE ONLY, INC., a Florida
Corporation,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE PLAN

THIS MATTER is before me on Plaintiff's Motion for Approval of Class Notice Plan ("Motion") (ECF No. 294). Defendant filed its Response in Opposition (ECF No. 296), to which Plaintiff filed a reply (ECF No. 300). The matter is now ripe for review. After careful consideration, and for the reasons discussed below, Plaintiff's Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff, on behalf of the class, brings this case under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, alleging Defendant, through an agent, sent text messages in violation of the TCPA. On July 12, 2017, I entered an Order Partially Adopting Report and Recommendation (ECF No. 290), which certified the following class:

> All subscribers within the United States (i) who received a text message (ii) on his or her cellular telephone (iii) from InstantCarOffer.com, on behalf of Off Lease Only, Inc., (iv) through the use of the Twilio platform (v) after placing an advertisement on craigslist.org in connection with the sale of a vehicle (vi) for a period of four (4) years prior to the filing of the initial Complaint – September 4, 2011 – to the date of class certification.

Plaintiff filed the instant motion for approval of his Notice Plan, which includes:

(1) email notice to those individuals for whom Craigslist is able to produce a valid email address and individual postcard notice to those without a valid email address who can be identified through a "reverse lookup" performed by KCC[1]; (2) a dedicated website that will include a long form notice, as well as case and contact information; and (3) a telephone line featuring an interactive voice response system to handle class member inquiries.

Motion, p. 2. Plaintiff has filed, conventionally and under seal, a list of phone numbers which American Motor Company, LLC ("AMC")[2] has said were sent text messages from InstantCarOffer.com using the Twilio platform. These are the phone numbers Craigslist will cross check to see if they are associated with a Craigslist advertisement in connection with the sale of a vehicle. Plaintiff requests thirty (30) days to certify to the Court that Notice has been sent and for a deadline of sixty (60) days from the date Notice is sent for class members to request exclusion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) governs the requirements of notice to members of a class action lawsuit. It mandates that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances." *Id.* The notice must be clear and concise and, in language easily understood, contain the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* "The United States Supreme Court has declared that subdivision (c)(2) expresses an 'unambiguous requirement' that 'individual notice must be provided to those class members who are identifiable through reasonable effort.'" *In re Nissan Motor Corp. Antitrust*

---

[1] "KCC" is Kurtzman Carson Consultants, LLC, is "an experienced and reputable class action administrator," with whom Plaintiff has consulted in developing his notice plan. *See* Motion, p. 2.
[2] AMC was initially named as a Defendant in this case, but has since been dismissed. *See* ECF Nos. 102, 152.

*Litig.*, 552 F.2d 1088, 1097 (5th Cir. 1977)[3] (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974)). A district court has broad discretion "to enable efficacious administration of the course of the proceedings before it," so long as the due process rights of absentee class members are protected. *Id.*

### III. DISCUSSION

Defendant does not necessarily object to the method of notice, but rather the substance of the notice. Defendant maintains that Plaintiff has not undertaken "reasonable efforts" to identify actual class members. Specifically, Defendant alleges Plaintiff's plan is over-inclusive and misleading. Defendant would prefer that class members be required affirmatively to opt-in to the class prior to trial or a decision on the merits of the case.

Plaintiff's plan is not over-inclusive; any person receiving Notice as proposed in this plan is a potential class member. *See Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 61 (D. Conn. 2001) (allowing slightly over-inclusive notice where the data included the universe of class members). In addition, as Plaintiff points out, there is no evidentiary basis in Defendant's claim that the text messages AMC says were sent by Twilio were not received. I find the Plaintiff's proposed method of determining potential class members to be a fair starting point.[4] However, while Plaintiff notes that actual receipt of a text is not required to show a violation of the TCPA, receipt of a text is a prerequisite to being a class member and is a requirement to have standing. *See* Order on Standing, ECF No. 212, p. 2–5. Confirming receipt of a qualifying text through an affidavit or otherwise[5] is a valid means of verifying class membership; however, this need not be done at the notice stage.

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] Defendant's additional step of verifying whether a potential class member was the subscriber of the phone number at the time the text message was received is unnecessary in light of Plaintiff's explanation of the "reverse lookup" procedure, which limits its results to a given timeframe. *See* Reply, p. 10.

[5] For example, a "check box" on the class website stating the potential class member is declaring under penalty of perjury they received a qualifying text message would be a proper substitute for a written and notarized affidavit. Defendant's request that potential class members submit some type of documentary evidence to confirm receipt of a text message, which was likely sent several years ago, is unnecessarily burdensome to class members where Defendant has provided nothing but speculation that such texts were not received.

There exist no "special circumstances" that warrant having class members self-identify at this stage; Defendant will have an adequate sense of its potential liability once Craigslist cross references AMC's list of phone numbers with its records.

As for Defendant's claim that Plaintiff's proposed notice is misleading, I agree in part. Defendant objects to Plaintiff's "Email Notice" (Ex. A), because the Email Notice states, "You have received this email because records show that you *are* a member of the Certified Class." (emphasis added). It is possible that individuals receiving notice may not be class members for various reasons, including that they did not receive a text message. It is therefore misleading to state they are definitely a class member. Defendant also contests Plaintiff's "Long Form Notice" (Ex. C), which states the recipient does not have to do anything to remain a member of the class. Ex. C, p. 2. I find nothing objectionable in this language, given that I am not requiring class members to self-identify at this stage. However, Defendant notes that the Long Form Notice also provides that "you will share in any benefits obtained in the case." *Id.*, p. 3. This language does not take into account Plaintiff's different legal theories and Defendant's affirmative defenses, which may mean that some class members recover where others do not. *See* Order Partially Adopting Report and Recommendation, ECF No. 290, p. 2. Simply saying "may share" rather than "will share" should be sufficient to accurately describe the possibility of recovery.

As for Defendant's claim that the class notice does not adequately describe Defendant's defenses, the following should clearly explain the defenses without adding too much confusion:

> Defendant denies liability on all of Plaintiff's claims. Specifically, Defendant alleges that American Motor Company, LLC, was not acting on Defendant's behalf and that the text recipients consented to receive the text messages.

With the limited modifications discussed above, I find Plaintiff's Notice satisfies the requirements of Rule 23(c)(2)(b) and constitutes the best notice practicable under the circumstances.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Approval of Class Notice Plan (ECF No. 20) is **GRANTED in part** and **DENIED in part**. Plaintiff shall have twenty-one

(21) days from the date of this Order to certify that Notice, as modified above, has been sent to the class. Potential class members must request exclusion within sixty (60) days of the date Notice is sent.

**DONE and ORDERED** in chambers in Miami, Florida this 12th day of January 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:

*Edwin G. Torres,* U.S. Magistrate Judge
*Counsel of Record*