UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-23352-Civ-COOKE/LOUIS

RAY MOHAMED, individually and
on behalf of others similarly situated,

    Plaintiff,

vs.

OFF LEASE ONLY, INC., a Florida Corporation,

    Defendants.

_____/

## ORDER ON MOTIONS IN LIMINE

THIS MATTER is before me on the parties' First Amended Joint Summary of Parties' Motions *in Limine* (ECF No. 348). This is an action to recover statutory damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. Plaintiff Ray Mohamed and Defendant Off Lease Only, Inc. have each presented one motion *in limine*.[1] I will look at each of them in turn.

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as the Federal Rules of Evidence otherwise provide. Fed. R. Evid. 401; 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

---

[1] The parties have amicably resolved, and therefore withdrawn, two other motions *in limine*. *See* ECF No. 348, p. 4.

I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, it is **ORDERED and ADJUDGED** that Plaintiff's Motion *in Limine* is **GRANTED** *in part* and Defendant's Motion *in Limine* is **DENIED**, as follows:

1. Plaintiff's Motion *in Limine* to exclude the minimum amount of statutory damages Plaintiff may be awarded under the TCPA is **GRANTED** *in part*. Plaintiff seeks to exclude this evidence because the "trivial probative value of this evidence would be substantially outweighed by the unfair prejudice to Plaintiff." ECF No. 348, p. 2. Defendant argues the minimum amount of damages is relevant because it goes to Plaintiff's credibility and motives in bringing the lawsuit. While I disagree with Plaintiff that the minimum amount of damages is substantially prejudicial to his case, I agree that the probative value of this evidence is trivial, at best. Accordingly, evidence stating the minimum amount of statutory damages Plaintiff may be awarded under the TCPA shall be excluded. Defendant may mention that there *is* a statutory minimum and therefore Plaintiff has a financial incentive in bringing this suit (as does almost every plaintiff in every case), but Defendant shall be prohibited from mentioning the specific amount.

2. Defendant's Motion *in Limine* to exclude the Excel Spreadsheet as inadmissible hearsay is **DENIED** *without prejudice*. The Excel Spreadsheet purports to show text messages sent by InstantCarOffer through the text-messaging platform Twilio and was allegedly exported from Twilio to Excel by Kip Rowe of Instantcaroffer. Plaintiff claims the Spreadsheet is a business record and therefore meets an exception to the hearsay rule as laid out in Federal Rule of Evidence 803(6). Rule 803(6) states that the record of an act or event is exempt from the hearsay exclusionary rule so long as a qualified witness shows that the record was made at or near the time by someone with knowledge, was kept in the course of regularly conducted business activities, and that the making of the record was a regular practice of that activity. If the opponent shows either the source of the information or the method of its preparation was untrustworthy, the evidence is inadmissible. Fed. R. Evid. 803(6)(E). Defendant claims the Spreadsheet would be a business record from Twilio and Twilio never authenticated the information nor affirmed that it constituted a business record. Plaintiff argues the fact that the information in the spreadsheet came from Twilio is irrelevant so long as Mr. Rowe relied on the information in the course of his business.

Plaintiff is correct; "[t]hat [Mr. Rowe] and his company . . . neither prepared the [information in the Spreadsheet] nor ha[ve] first-hand knowledge of the preparation does not contravene Rule 803(6)." *United States v. Parker*, 749 F.2d 628, 633 (11th Cir. 1984). Defendant also maintains the document is untrustworthy because Kip Rowe did not set forth in his declaration how the Excel Spreadsheet is linked to his statement "I have every text and every response in my system." This is easily remedied by having Mr. Rowe testify at trial. Accordingly, so long as Mr. Rowe is called as a witness to authenticate the Excel Spreadsheet according to Rule 803(6), the Excel Spreadsheet appears to be admissible at this time.

      **DONE and ORDERED** in chambers in Miami, Florida this 18th day of July 2018.

                                                  MARCIA G. COOKE
                                                  United States District Judge

Copies provided to:
*Lauren Louis*, U.S. Magistrate Judge
*Counsel of Record*